John E. Walker, SBN: 166270
E-Mail: jwalker@sacrowalker.com
SACRO & WALKER LLP
700 North Brand Boulevard, Suite 610
Glendale, California 91203
Tel.: (818) 721-9597; Fax: (818) 721-9670

Attorneys for Plaintiff NEW YORK LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, | Case No. 2:23-cv-01630-TLN-JDP |
| Plaintiff, | **ORDER FOR INTERPLEADER RELIEF** |
| vs. | |
| SHAMYLA FRAZIER, an individual; QUILLISTINE M. BROWN, an individual; SHERONDA DAVIS, an individual; and SHERINDA KEY, an individual; | |
| Defendants. | |

Based on the concurrently filed Stipulation entered into by Plaintiff, New York Life Insurance Company (the "Company"), through undersigned counsel, and Defendants Shamyla Frazier, an individual, *pro se* ("Shamyla"), Quillistine M. Brown, an individual, *pro se* ("Quillistine"), Sheronda Davis, an individual, *pro se* ("Sheronda") and Sherinda Key, an individual, *pro se* ("Sherinda") (Shamyla, Quillistine, Sheronda and Sherinda collectively, the "Defendants"), the Court hereby orders the following:

1. The Company shall distribute to the Clerk of Court the following:

    a. A check in the amount of $10,000.00, plus applicable interest, if any (the "Contract A Death Benefit"), representing the proceeds due as a result of the death of Janice A. Marshall (the "Insured") under individual life insurance certificate number A6805100 ("Contract A"), which was issued by the Company and provided coverage on the life of the Insured; and

    b. A check in the amount of $5,000.00, plus applicable interest, if any (the "Contract B Death Benefit") (together with the Contract A Death Benefit, the "Death Benefits"), representing the proceeds due as a result of the death of the Insured under individual life insurance certificate number A11048693 ("Contract B") (together with Contract A, the "Contracts"), which was issued by the Company and provided coverage on the life of the Insured.

2. The Clerk shall deposit said funds (the "Interpleader Funds") into an interest-bearing account pending further direction from the Court;

3. Upon deposit of the Interpleader Funds, the Company shall be, and hereby is, discharged from any and all liability in connection with the Contracts, Death Benefits and/or Interpleader Funds, and all claims, rights, interests and actions that the Defendants might otherwise have held against the Company and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors

and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators with respect to the Contracts, Death Benefits and/or Interpleader Funds are hereby released;

    4.    The Defendants shall be, and hereby are, permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that the Defendants, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against the Company with respect to the Contracts, Death Benefits and/or Interpleader Funds;

    5.    The Company shall be, and hereby is, dismissed from this action, with prejudice, and without fees or costs to any party; and

    6.    This action shall be retained on the Court's docket for resolution of claims to the Interpleader Funds and distribution thereof.

This ORDER shall be deemed a final judgment in accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay.

ORDERED this 7th day of March, 2024.

Troy L. Nunley
United States District Judge