UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>      v.<br><br>SHAMYLA FRAZIER, et al.,<br><br>           Defendants. | No.  2:23-cv-1630 TLN JDP<br><br><u>ORDER</u> |

      This interpleader action regarding insurance benefits settled on July 29, 2025, and judgment was entered accordingly on August 1, 2025.  ECF Nos. 37, 38.  The case is now closed.  ECF No. 38 (docket notation).  Some of the parties, however, have been attempting to communicate with the undersigned via email.

      Defendant Sheronda Davis has submitted two documents to the undersigned.  These documents will not be docketed or considered, for several reasons.  First, the undersigned is the settlement judge only and has no other authority in this case.  Second, the emailing of documents to the court, unless specifically directed by the court, is not authorized by the Federal Rules of Civil Procedure or the Local Rules of this court.  Third, the direct submission of documents to a judge, regardless of the means, does not constitute the filing of a motion or request for relief of any kind and will not be considered as such.

1

  Finally, the undersigned notes for the parties' information that the "Living Will and Health Care Power of Attorney" of Janice Marshall, which Ms. Davis has attempted to provide to the court, does not constitute an estate plan. A Living Will and Health Care Power of Attorney governs only medical decision-making and end of life care; it has nothing to do with the distribution of assets after death. A person granted power of attorney for health care decisions does not have authority over financial or legal matters, does not become the executor of any estate that may exist, and has no authority over any assets, contracts, or insurance policies of the decedent. In any event, neither a Living Will and Health Care Power of Attorney *nor* an estate plan including a Last Will and naming an executor would have any legal relevance to the distribution of the insurance proceeds that were at issue in this case. (To the extent the existence or non-existence of a will was discussed at the settlement conference, it was only as background information.) Insurance proceeds are generally distributed to the policy's named beneficiaries as a contractual matter, entirely independently of the settling of an estate.

  All parties are informed that the undersigned's role as settlement judge has concluded. The court is not available to mediate interpersonal issues related to this case or the settlement. The terms of the settlement are clear, ECF No. 38, and there is no further action for any party or the court to take in this closed case. Any future emails will be disregarded.

  For these reasons, the documents submitted to the court by Ms. Davis will not be considered and the undersigned will not respond to any further communications from the parties.

  IT IS SO ORDERED.

DATED: August 1, 2025

*(signed)* ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE